# Exhibit C:
# Emails to CPD Counsel



Luke Fernbach <lukefernbach2021@nlaw.northwestern.edu>

## Urgent CPD Issue
2 messages

**Sheila A Bedi** <sheila.bedi@law.northwestern.edu>   Thu, Jan 14, 2021 at 3:51 PM
To: "celia.meza@cityofchicago.org" <celia.meza@cityofchicago.org>, Tyeesha Dixon <Tyeesha.Dixon@cityofchicago.org>
Cc: Daniel Massoglia <daniel@first-defense.org>, Luke Fernbach <lukefernbach2021@nlaw.northwestern.edu>, Sara Rosenburg <sara.rosenburg@law.northwestern.edu>

Celia and Tyeesha: I hope this email finds you both well. I am re-forwarding an email about an urgent situation regarding our Client Mr. Darren Cole. As described below, Mr. Cole has suffered significant harm because CPD repeatedly mistakes him as someone who has an active warrant and who, we have reason to believe, is identified as a gang member in CLEAR. I write in the hopes that we can resolve this matter without resorting to litigation. Please advise whether you are willing to discuss this next week—we are contemplating filing a

Complaint and Motion for a TRO, but would much prefer to resolve this through informal means. I look forward to your response. Best, s

Sheila A. Bedi
Clinical Professor of Law

Director, Community Justice & Civil Rights Clinic
Northwestern Pritzker School of Law
375 E. Chicago Ave., 8th Floor
Chicago, IL 60611
T: 312-503-2492

Pronouns: she, hers

Schedule a time to meet with me here: https://calendly.com/sheila-bedi

---

**From:** Sheila A Bedi
**Sent:** Tuesday, October 13, 2020 1:01 PM
**To:** Andrew Worseck <Andrew.Worseck@cityofchicago.org>; daniel@first-defense.org
**Subject:** Gang database issue

Drew: I am writing you on behalf of Darren Cole, DOB 12/16/1970, who lives at 152 N. Hermitage Avenue, 60612. (Driver's License 34001687). As described below, Mr. Cole has suffered significant harm because CPD repeatedly mistakes him as someone who has an active warrant and who, we have reason to believe, is identified as a gang member in CLEAR. I write in the hopes that we can resolve this matter without resorting to litigation.

Mr. Cole shares that same first and last name and birthdate with a Darren H. Cole, who has an active warrant and who, we have reason to believe, is identified as a gang member in CLEAR. Mr. Cole reports that CPD has detained him approximately 200 times on the mistaken impression that he is Darren H. Cole. During these interactions with CPD, officers frequently point guns at Mr. Cole and he is often taken into custody, where he waits for 4-6 hours until the matter of his mistaken identity is sorted out. He has a number of documents from law enforcement (including the attached letter from Marion County and a note from CPD Sergeant Osbourne) documenting this mistaken identity. Nevertheless, when Mr. Cole drives his vehicle, CPD officers frequently pull him over and accuse him of being Darren H. Cole, and detain him —even when he presents these documents.

Mr. Cole also lives with severe asthma and during the COVID-19 pandemic, he has stopped driving his car, because he is terrified of being taken into custody where he could be exposed to the virus in lock-up. As a result, he takes public transportation to work where he also risks infection—and because of his medical vulnerability serious illness or death. This issue of mistaken identity related to the gang database has caused Mr. Cole significant harm—he rarely leaves the house, has serious anxiety and leaves in fear of the CPD. He has lost jobs during his time in custody and this situation has adversely affected his relationship with his family members. In short, his damages are significant and quantifiable.

However, Mr. Cole is interested in exploring potential resolutions that do not involve a monetary demand. He merely wants to be able to drive his car without the risk of CPD mistaking his identity and falsely detaining him. We believe that a notation in CLEAR and a directive to CPD officers could provide Mr. Cole with some measure of protection.

Would the City be interested in discussing an amicable resolution of this matter? It's our hope that we can resolve this matter without seeking emergency relief from the court. We'd like to schedule a time to discuss at your earliest convenience. Best, s

Sheila A. Bedi
Clinical Professor of Law

Director, Community Justice & Civil Rights Clinic
Northwestern Pritzker School of Law
375 E. Chicago Ave., 8th Floor
Chicago, IL 60611
T: 312-503-2492

Pronouns: she, hers

Schedule a time to meet with me here: https://calendly.com/sheila-bedi



**Cole Exhibits.pdf**
1094K

---

**Daniel Massoglia** <daniel@first-defense.org>   Wed, Jan 20, 2021 at 11:36 AM
To: Sheila A Bedi <sheila.bedi@law.northwestern.edu>, "celia.meza@cityofchicago.org" <celia.meza@cityofchicago.org>, Tyeesha Dixon <Tyeesha.Dixon@cityofchicago.org>
Cc: Luke Fernbach <lukefernbach2021@nlaw.northwestern.edu>, Sara Rosenburg <sara.rosenburg@law.northwestern.edu>

Hi all,

Though Sheila mentioned it in her email up-thread, I want to underscore the depth of the harm that has come to our client as a result of the constant police stops. Because of his well-founded fear that every time he leaves his house in a vehicle he might end up, wrongfully, in police detention, he was, for example, unable to visit his father on his deathbed and is frequently unable to visit his mother. He takes public transit during a pandemic despite the risk to his health. His adult children, who spent formative years repeatedly seeing and experiencing their father stopped wrongly by police, do not ride in the car with him to this day. He has lost jobs and his marriage. His life has been completely upended. After all this time, and all these stops, his true identity (and innocence) cannot be a mystery to the broader body of officers who detain him, typically on the west side.

Mr. Cole has done everything he could think of to clear up the situation: he has spoken with beat officers, sergeants (one of whom wrote a note for him to show to officers indicating that the warrant did not identify him), and at least one sheriff (who provided a different note indicating that the warrant did not belong to him). He been fingerprinted and went to the DMV with the help of an officer, who, after wrongly stopping him, realized the error and tried to help him correct it through those means.

Please let us know if you are able to discuss further.

Thanks,
Daniel

--
Daniel Massoglia

Staff Attorney & Civil Rights Program Manager
First Defense Legal Aid
daniel@first-defense.org | (336) 575-6968
1-800-LAW-REP4 (529-7374)
Pronouns: he/him/his



**From:** Sheila A Bedi <sheila.bedi@law.northwestern.edu>
**Sent:** Thursday, January 14, 2021 3:51 PM
**To:** celia.meza@cityofchicago.org <celia.meza@cityofchicago.org>; Tyeesha Dixon <Tyeesha.Dixon@cityofchicago.org>
**Cc:** Daniel Massoglia <daniel@first-defense.org>; Luke Fernbach <lukefernbach2021@nlaw.northwestern.edu>; Sara Rosenburg <sara.rosenburg@law.northwestern.edu>
**Subject:** Urgent CPD Issue

[Quoted text hidden]