IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Darren Cole, | No. 21-CV-1640 |
| Plaintiff, | |
| v. | Hon. Judge Mary M. Rowland |
| The City of Chicago, | Hon. Mag. Judge Sunil R. Harjani |
| Defendant. | JURY TRIAL DEMANDED |

# PLAINTIFF'S STATUS REPORT[1]

## I. Nature of the Case

### a. Attorneys of Record.

<u>Plaintiff</u>: Sheila Bedi (lead trial attorney); Daniel Massoglia

<u>Defendant</u>:

### b. Basis for federal jurisdiction.

The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and the Judicial Code, 28 U.S.C. §1331 and §1343(a).

### c. Nature of the claims, counterclaims, and affirmative defenses.

Plaintiff alleges one Count in his Complaint, a claim against Defendant City pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) alleging that Defendant failed to take reasonable steps to protect Plaintiff from unlawful police stops, detentions, arrests, and harassment. Plaintiff alleges violations of his Fourth Amendment rights arising from failings in CPD's data management system and the inaction of multiple CPD supervisors who knew that CPD officers repeatedly subjected Mr. Cole to unlawful stops, detentions, arrests, and police harassment and abuse based on mistaken identity but failed to

---

[1] Plaintiff apologies for the lateness of this report and for the fact that it represents solely the perspective of the Plaintiff. Counsel for Defendant requested that Plaintiff provide a draft status report on June 26, 2021. Counsel for Plaintiffs provided a draft on June 25, 2021 at 8:53 am. Counsel for Defendants did not reply to that email or to emails sent today, June 26, 2021. Today's emails again requested a response, and notified counsel that in the absence of the Defendant's response, the Plaintiff would file today a status report reflecting his positions and advising the court about the parties communications (and lack thereof). Plaintiff apologies for any inconvenience this has caused the court.

protect him from these violations. Plaintiff alleges emotional, financial, and personal loss as a result of Defendant's actions.

### d. Relief sought.

Plaintiff's Complaint seeks injunctive relief and damages. Following the filing of Plaintiff's Motion for a Preliminary Injunction/Temporary Restraining Order, Defendant took several steps to correct the pattern of detention and arrest. In response, Plaintiff withdrew his Motion with leave to refile if the remedial measures prove ineffective. He currently maintains his action for damages.

### e. Major legal and factual issues.

Parties anticipate the major legal issues will relate to the constitutionality of Defendant's recordkeeping and warrant safeguard procedures and systems and whether detentions of Plaintiff pursuant to those customs and policies were lawful. Defendant also raised issues related to the statute of limitations in its Motion to Dismiss (Dkt. 15).

Parties anticipate the major factual issues will relate to the knowledge of Defendant's officers, supervisors, and policymakers related to deficiencies in its recordkeeping and of CPD's treatment of Plaintiff, as well as Plaintiff's damages.

### f. Service.

Defendant has been served through counsel of record.

## II. Discovery and Pending Motions

### a. Describe the general type of discovery needed.

The parties anticipate written and oral discovery encompassing the actions of Defendant and its agents with regard to Plaintiff, including: of records generated by the many detentions of Plaintiff, or about those detentions; Defendants' policies and practices with regard to the maintenance and operation of law enforcement information databases such as CLEAR; policies and practices regarding identifying, executing, and verifying the accuracy and validity of arrest warrants; the operation of Defendant's CLEAR recordkeeping database; circumstances where other individuals were arrested by CPD on arrest warrants targeted at different people; communications among CPD officers and city officials regarding warrant execution practices, and about Plaintiff; and the nature of Mr. Cole's physical, emotional, and financial injuries.

### b. Provide dates for:

#### i. Rule 26(a)(1) disclosures.

Parties will make Rule 26(a)(1) disclosures within 14 days of the Court's ruling on Defendant's pending Motion to Dismiss, or, if the Motion is granted and an amendment to the complaint allowed, within 14 days of an Answer or ruling on subsequent dispositive motion.

      ii. Issuing the first set of written discovery requests.

Parties will issue the first set of written discovery requests within 30 days of exchanging Rule 26(a)(1) disclosures.

      iii. Fact discovery completion.

Fact discovery will close six months after the issuance of the first set of written discovery requests.

    c. At this time, do the parties anticipate there will be expert discovery?

The parties anticipate there will be expert discovery.

    d. Briefly describe any currently pending motions or anticipated motions.

Defendant filed a Motion to Dismiss for Failure to State a Claim on April 26, 2021. Plaintiff moved for an extension of time to file a response on May 20, 2021, which the Court granted on May 21, 2021, and he filed his Response on June 22, 2021. Defendant's Reply is due on July 13, 2021. Plaintiff proposes to file an amended complaint within two weeks of the Court's decision on the outstanding Motion to Dismiss, specifically to ensure that the complaint reflects the current status of Mr. Cole's injunctive claims.

    e. State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

The Plaintiff agrees to electronic service of pleadings and other papers.

III. Trial

    a. State whether there has been a jury demand.

Plaintiff has made a jury demand.

    b. Provide the date by which the parties anticipate being ready for trial.

The parties anticipate being ready for trial by September 2022. This is a preliminary estimate given the early procedural posture of the action, the likelihood and as yet uncertain nature and duration of expert discovery, and the potential of further motion practice.

    c. Estimate the length of trial.

The parties anticipate a 4-5 day trial.

## IV. Consent and Settlement Discussions

   a. State whether all parties unanimously consent to proceed before the Magistrate Judge.

The Plaintiff does not consent to proceed before the Magistrate Judge.

   b. State whether any settlement discussions have occurred and the status of any settlement discussions.

No settlement discussions have occurred.

   c. State whether the parties request a settlement conference at this time.

The Plaintiff is willing to engage in settlement talks believes that a settlement conference could be fruitful if the Defendant is interested in exploring a resolution of this matter.

/s/__Sheila A. Bedi_____
*One of Plaintiff's Attorneys*

Sheila A. Bedi
Community Justice Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-2492
Sheila.Bedi@law.northwestern.edu

Daniel Massoglia
First Defense Legal Aid
601 South California Avenue
Chicago, Illinois 60612
(708) 797-3066
Daniel@first-defense.org